**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

KEVIN LEMIEUX, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

EZ LUBE, INC., et al.,

Defendants.

Case No. 12-cv-01791-BAS(JLB)

CLASS ACTION

**ORDER:**

**(1) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (ECF No. 66); AND**

**(2) SETTING FINAL APPROVAL HEARING FOR DECEMBER 8, 2014**

WHEREAS, a putative class action lawsuit is pending in this Court entitled, *Kevin Lemieux, individually and on behalf of all others similarly situated v. EZ Lube, Inc., Henley Pacific LA, LLC, and OneCommand, Inc.*, Case No.: 3:12-CV-01791-JLS-WVG;

WHEREAS, Defendant EZ Lube, LLC was dismissed without prejudice by Plaintiff on March 11, 2013;

WHEREAS, the Parties have entered into a Settlement Agreement (the "Agreement"), and the Parties now request an order for preliminary approval certifying a settlement class under Fed. R. Civ. P. 23(b)(3);

WHEREAS, this Court has reviewed the Agreement, as well as the files, records, and proceedings to date in this matter;

WHEREAS, for purposes of this Order, capitalized terms used below have the meaning described to them in the Agreement, unless otherwise defined; and

WHEREAS, for purposes of the Action, this Court has subject matter and personal jurisdiction over the parties, including all Settlement Class Members.

NOW, THEREFORE, based on this Court's review of the Agreement and all of the files, records, and proceedings herein, the Court concludes, upon preliminary examination, that the Agreement and Settlement appear fair, reasonable, and adequate, and within the range of reasonableness for preliminary settlement approval, and that a hearing should and will be held after notice to the Settlement Class (as described in Paragraph 7 below) to confirm that the Agreement and settlement are fair, reasonable, and adequate and to determine whether the Settlement should be approved and final judgment entered in the Action based upon the Agreement.

Having read and considered the Agreement, Plaintiff's unopposed Preliminary Approval Motion, and the record, the Court **GRANTS** Plaintiff's motion (ECF No. 66) and **ORDERS** as follows:

1. **Jurisdiction.** The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto.

2. **Preliminary Approval of Proposed Settlement.** The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval. The Court finds that: (a) the Agreement resulted from extensive arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

///

3. **Class Certification for Settlement Purposes Only**. Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All 5,574 identified persons within the United States who received any telephone call from Defendants or their agent(s) to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, which allegedly was not made for emergency purposes or with the recipient's prior express consent, between July 19, 2008 and the date of Preliminary Approval.

Between July 19, 2008 through the date of Preliminary Approval, there were a total of 5,574 unique cell phone numbers that were associated with those accounts for car services that may have been called using an automated dialer or prerecorded voice message. (Settlement Agreement p. 11, ¶ 5.04.)

In connection with this conditional certification, the Court makes the following preliminary findings:

a. The Settlement Class appears to be so numerous that joinder of all members is impracticable;

b. There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this settlement should be approved;

c. Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement;

d. Plaintiff appears to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

e. For purposes of determining whether the settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by

representation; and

f. For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class Members.

4. **Class Representative**. Plaintiff Kevin Lemieux is designated as class representative for the Settlement Class.

5. **Class Counsel**. The Court appoints Kazerouni Law Group, APC and Hyde & Swigart as counsel for the Settlement Class ("Class Counsel"). The Court finds that counsel is competent and capable of exercising all responsibilities as class counsel for the Settlement Class.

6. **Settlement Hearing**. A Final Approval hearing (the "Fairness Hearing") shall be held before the Honorable Cynthia Bashant, at the U.S. District Court, 221 West Broadway, San Diego, CA 92101, in **Courtroom 4B**, on **December 8, 2014 at 10:30 a.m.**, as set forth in the notice to the Settlement Class, to determine whether the Agreement is fair, reasonable, and adequate and should be approved. Papers in support of final approval of the Agreement, the incentive/ service award to Plaintiff and Class Counsel's application for an award of attorneys' fees, costs, and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 13 below. The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Settlement Hearing, the Court may enter a settlement order and final judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled.

7. **Class Notice.** Class Notice shall be sent within **thirty (30) business days** after the Class List is delivered to the Claims Administrator.

a. Direct Mail Notice. The Court approves the form and substance of the proposed notice procedure set forth in the Agreement. As provided in that

Agreement, Defendants shall provide the most current addresses for the Settlement Class members obtained from its databases to the Claims Administrator, KCC Class Action Services, LLC, who shall mail a double sided Postcard Notice to each Class Member at their last known address as provided by Defendants on the Class List, and re-mail to the forwarding address on the returned notice, if any, or re-mail to an additional address, if one is found. All addresses will be updated with NCOA before mailing. The mailed notice shall also contain the Claims Administrator's toll free telephone number so that the Class Members can inquire about the Settlement, as well as the Settlement website.

b. Establishment of Settlement Website. The Claims Administrator will establish and maintain an Internet site using domain name dedicated to the Settlement, on which will be posted the Mailed Notice, the Question & Answer Notice Form, and Claim Form, the Settlement Agreement with Exhibits, any attorneys' fees and costs application, and any Orders relating to Preliminary Approval or Final Approval. The Mailed Notice shall direct recipients to the location of the Internet Notice and the settlement website. The Settlement web page will be established prior to the mailing of any Notice and shall remain active at least **two hundred seventy (270) days** after Preliminary Approval, or **one hundred twenty (120) days** after Final Approval, whichever is longer.

c. CAFA Notice. The Claims Administrator, on behalf of Defendants, shall be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715(b) within **ten (10) days** of entry of the order granting the Preliminary Approval. Defendant will pay for this notice, separate from the creation of any Settlement Benefit. The Court understands that such responsibility has been delegated by Defendants to the Claims Administrator.

8. **Declaration to be Filed Regarding Notice**. At least **ten (10) days** prior to the Final Approval Hearing, the Claims Administrator shall file a declaration of compliance with the notice procedures as set forth in the Agreement.

9. **Findings Concerning Class Notice**. The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise Settlement Class Members of the pendency of this Action and their right to object to or exclude themselves from the Settlement Class. The Court further finds that the Class Notice program is reasonable; that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.

10. **Approval of Claims Process and Settlement Benefits**. The claims submission process described in the Agreement is hereby approved. The Court preliminarily approves the process set forth in the Agreement for submitting, reviewing, approving, and paying all claims from the Settlement Benefit, which Benefit shall be no more than $479,364.00 paid under the Settlement by the Defendants, payable to each claiming Class Member in the amount of $86.00 in the form of a Gift Certificate to be used exclusively for the purchase of goods or services at the approximately seventy (70) Henley-owned Valvoline Instant Oil Change locations in Southern California. Settlement Benefits will be paid on a claims made basis. The Gift Certificates shall be fully transferable with no expiration date and paid to all Class Members who make a valid claim. The Court also approves the process for paying the costs of notice and claims administration, incentive/service award, and the Class Counsel's attorneys' fees and litigation costs separate and apart from that Settlement Benefit as follows:

a. Defendants shall pay all costs of administration and notice, estimated at $20,555.00, separate and apart from any benefits each Class Member receives;

b. Defendants shall pay attorneys' fees, not to exceed $119,841.00, as approved by the Court, separate and apart from any benefits each Class Member receives;

c. Defendants shall pay an incentive/service award to Representative Plaintiff, in an amount not to exceed $5,000.00, as approved by the Court, separate and apart from any benefits each Class Member receives;

d. Defendants shall pay Class Counsel all reasonably incurred litigation costs approved by the Court, not to exceed $12,500.00, separate and apart from any benefits each Class Member receives; and

e. Defendants shall place the amount of $50,000.00 into an interest bearing escrow account within **ten (10) days** of the Court granting preliminary approval, for the benefit of the Settlement Class. Any interest on the account will revert to Defendants.

11. **Exclusion from the Settlement Class**.

a. Persons in the Settlement Class will possess the right to opt-out by sending a written request to a designated address within **ten (10) days** after the close of the Claims Period. All Settlement Class Members who do not opt-out will be bound by all determinations and judgments in the Action;

b. Exclusion requests must: (i) be signed; (ii) include the full name, address, and cell phone number of the person(s) requesting exclusion; and (iii) include a statement to the effect that they wish to be excluded from this settlement. No request for exclusion will be valid unless all of the information described above is included. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class;

c. The Claims Administrator will retain a copy of all requests for exclusion. Not later than **ten (10) days** before the Final Approval Hearing, the Claims Administrator shall file with the Court a declaration that lists all of the opt-outs received;

d. The Settlement will be terminated or subject to revision at Defendants' option if more than 1% of the Class Members of category (a) opt-out.

12. **Objections and Appearances**.

a. Any person in the Settlement Class who has not timely submitted a valid request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and the incentive/service award to the Plaintiff.

b. In order to be heard at the hearing, the person must make any objection in writing and file it with the Court no later than **ten (10) days** after the end of the Claims Period. The objection must also be mailed to each of the following, postmarked no later than **ten (10) days** after the end of the Claims Period: (i) Lemieux Counsel: Abbas Kazerounian, 245 Fischer Avenue, Suite D1, Costa Mesa, California 92626; (ii) Clerk of the Court, U.S. District Court, Southern District of California, 333 W. Broadway, Suite 420, San Diego, California 92101; (iii) Henley Counsel: David S. Almeida, 70 W. Madison Street, Suite 4800, Chicago, Illinois 60602; and OneCommand Counsel:

**If to Class Counsel**:

Joshua B. Swigart, Esq.
Hyde & Swigart
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
josh@westcoastlitigation.com

Abbas Kazerounian, Esq.
The Kazerouni Law Group, APC
245 Fischer Avenue, Suite D1
Santa Ana, CA 92626
Telephone: (800) 400-6808
ak@kazlg.com

**If to counsel for Settling Defendants:**
David S. Almeida, Esq.
Sheppard Mullin Richter & Hampton, LLP
70 W. Madison St., Suite 4800
Chicago, IL 60602
Telephone: (312) 499-6300
dalmeida@sheppardmullin.com

Steven C. Coffaro, Esq.
Keating Muething & Klekamp PLL
One East 4th Street, Suite 1400
Cincinnati, OH 45202
Telephone: (513) 579-6489
steve.coffaro@kmklaw.com

c. A Class Member or his or her attorney intending to make an appearance at the Fairness Hearing must: (a) file a notice of appearance with the Court no later than **ten (10) days** prior to the Fairness Hearing, or as the Court may otherwise direct; and (b) serve a copy of such notice of appearance by mail on both Counsel for Defendants and Class Counsel within the same time period at the addresses set forth directly above. Any Class Member who fails to comply with these provisions shall waive and forfeit any and all rights the Class Member may have to appear separately and/or to object, and shall be bound by all the terms of this Settlement Agreement and Order, and by all proceedings, orders, and judgments in the Litigation. Any objections that are not timely filed and mailed shall be forever barred.

13. **Further Papers in Support of Settlement and Fee Application**. Any responses to objections to the Agreement shall be filed with the Court on or before the date of the Final Approval Hearing. Any general briefing in support of final approval of the Settlement not specifically directed to objections shall be filed **thirty (30) days** before the Final Approval Hearing. Any application for attorneys' fees and costs shall be filed no later than **thirty (30) days** prior to the last date for objecting to the Settlement. Supplemental papers in support of such fees and costs

application, including objections to such fees and costs, may be filed on or before the date of the Final Approval Hearing.

14. **Effect of Failure to Approve the Agreement**. In the event the Agreement is not approved by the Court, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

a. All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect except as to payment of notice and claims administration costs to date, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

b. The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel, or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Agreement, its existence, and the Agreement, any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of the Agreement shall have no effect and shall not be admissible evidence for any purpose;

c. Nothing contained in this Order is, or may be construed as, an admission or concession by or against Defendants or Plaintiff on any point of fact or law; and

d. Neither the settlement terms nor any publicly disseminated information regarding the settlement, including, without limitation, the class notices, court filings, orders and public statements may be used as evidence for any purpose whatsoever. In addition, neither the fact of, nor any documents relating to, Defendants' withdrawal from the settlement, any failure of the Court to approve the settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.

15. **Stay/Bar of Other Proceedings**. All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement. Pending final determination of whether the settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

16. **Continuing Jurisdiction**. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

**IT IS SO ORDERED.**

**DATED: June 25, 2014**

Cynthia Bashant

**Hon. Cynthia Bashant**
**United States District Judge**