# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEMIEUX, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>EZ LUBE, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.  12-cv-01791-BAS(JLB)<br><br>CLASS ACTION<br><br>**ORDER GRANTING:**<br><br>**(1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT (ECF NO. 78); AND**<br><br>**(2) MOTION FOR ATTORNEYS' FEES, COSTS AND INCENTIVE PAYMENT (ECF NO. 77); AND**<br><br>**JUDGMENT AND DISMISSAL** |

In February of 2014, after active litigation, extensive arm's length negotiations, including a full day of mediation before the Honorable Leo S. Papas (Ret.), plaintiff Kevin Lemieux ("Plaintiff") and defendants, Henley Pacific LA, LLC, and OneCommand, Inc. (herein jointly referred to as the "Defendants"), entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23, for statutory damages as set forth in the Agreement.

1  On February 27, 2014, the Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement Agreement and Certification of Settlement Class (hereinafter referred to as the "Preliminary Approval Motion"). The Agreement was submitted as an Exhibit on February 28, 2014.

On June 25, 2014, upon consideration of the Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class" or "Class Members") with respect to the claims asserted in this action; (ii) preliminarily approved the proposed settlement and stipulated injunction; (iii) appointed Plaintiff Kevin Lemieux as the Class Representative; (v) appointed Kazerouni Law Group, APC and Hyde & Swigart as Class Counsel; and (vi) set the date and time of the Final Approval Hearing for December 8, 2014.

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, on July 3, 2014, the Claims Administrator, at Defendants' request and direction, served written notice of the proposed class action settlement on the United States Attorney General and the attorney general of each state.

On October 16, 2014, Class Counsel filed their motion for attorneys' fees, costs, and incentive payment.

On November 7, 2014, Plaintiff filed a Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion"). Pursuant to the Final Approval Motion, Plaintiff requests final certification of the Class under Fed. R. Civ. P. 23(b)(3) and final approval of the Agreement.

On November 24, 2014, Plaintiff filed a Supplemental Brief in support of the Final Approval Motion.

On December 8, 2014, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the lawsuit satisfies the applicable prerequisites for

class action treatment and whether the Agreement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court.

The Court has read and considered the Agreement, Final Approval Motion, and the record.  All capitalized terms used herein have the meanings defined in the Agreement, unless otherwise defined herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

**I.    JURISDICTION**

The Court has jurisdiction over the subject matter of the Action and over all settling Parties hereto.

**II.   SETTLEMENT CLASS MEMBERS**

Pursuant to Fed. R. Civ. P. 23(b)(3), the Action is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Class or Class Members with respect to the claims asserted in the Action:

> All 5,573 identified persons within the United States who received any telephone call from Defendants or their agent(s) to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, which allegedly was not made for emergency purposes or with the recipient's prior express consent, between July 19, 2008 and June 25, 2014.

**III.  CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT**

Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff Kevin Lemieux as the Class Representative, and Kazerouni Law Group, APC and Hyde & Swigart as Class Counsel.

**IV.   NOTICE AND CLAIMS PROCESS**

Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has complied with the approved notice process as confirmed in its declaration filed with the Court. The form and method for notifying the Settlement Class members of the settlement and its terms and conditions was in conformity with this Court's

1  Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P.
2  23(c)(2)(B) and due process, and constituted the best notice practicable under the
3  circumstances. The Court finds that the notice process was clearly designed to
4  advise the Class Members of their rights. Further, the Court finds that the claim
5  process set forth in the Agreement was followed and that the process was the best
6  practicable procedure under the circumstances.

7  **V.    FINAL CLASS CERTIFICATION**

8  For settlement purposes only, the Court again finds that the Action satisfies
9  the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23,
10 namely:

11 (a)   The Class members are so numerous that joinder of all of them in the
12 Action would be impracticable;

13 (b)   There are questions of law and fact common to the Class Members,
14 which predominate over any individual questions;

15 (c)   The claims of Plaintiff are typical of the claims of the Class Members;

16 (d)   The Plaintiff and Class Counsel have fairly and adequately represented
17 and protected the interests of all the Class Members; and

18 (e)   Class treatment of these claims will be efficient and manageable,
19 thereby achieving an appreciable measure of judicial economy, and a class action is
20 superior to other available methods for a fair and efficient adjudication of this
21 controversy.

22 **VI.   SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE**

23 The Court finds that the settlement of the Action, on the terms and conditions
24 set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate,
25 and in the best interests of the Class Members, especially in light of the benefits to
26 the Class Members, the strength of the Plaintiff's case, the complexity, expense and
27 probable duration of further litigation, the risk and delay inherent in possible appeals,
28 and the risk of collecting any judgment obtained on behalf of the class.

**VII. SETTLEMENT TERMS**

The Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed settlement, are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

A. Defendants shall pay each of the 88 claimants who submitted a claim prior to the date of this Order a merchandize certificate in the amount of $86.00. The merchandize certificates shall be transferable with no expiration date;

B. Defendants shall pay the total sum of $1,500 to the Representative Plaintiff, Kevin Lemieux, payable through Class Counsel as incentive payment for bringing and participating in this Action;

C. Defendants shall pay to Class Counsel the sum of $119,841 as attorneys' fees, and $5,646.52 in costs actually incurred in litigating the Action, in the manner specified in the Agreement; and

D. As of October 2014, the costs incurred for notice and claims administration in this Action by Kurtzman Carson Consultants ("KCC") was $23,508.95. Defendants shall pay KCC the total costs incurred for notice and claims administration in this Action in accordance with the terms of the Agreement.

**VIII. EXCLUSIONS AND OBJECTIONS**

A total of one (1) request for exclusion was received. The person requesting exclusion is Raghag Yacub of California. The Court hereby excludes this individual from the Class.

The Class Members were given an opportunity to object to the settlement. There were no objections filed by any of the Class Members.

This Order is binding on all Class Members, except Raghag Yacub of California, who validly and timely requested exclusion from the Class.

///

## IX. RELEASE OF CLAIMS

The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the released claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order. (Agreement § 16.01.)

## X. ADMISSIONS

This Order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

### JUDGMENT AND ORDER OF DISMISSAL

Pursuant to Plaintiff's oral request at the Final Approval Hearing, this Action is hereby **DISMISSED WITHOUT PREJUDICE** as to defendant EZ Lube, Inc. The Action is further **DISMISSED WITH PREJUDICE** in all respects as to defendants Henley Pacific LA, LLC, and OneCommand, Inc.

Without affecting the finality of this final judgment and dismissal with prejudice as to Defendants, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order, for a period of three (3) months.

**IT IS SO ORDERED.**

DATED: December 8, 2014

Hon. Cynthia Bashant
United States District Judge